UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



FILED
IN OPEN COURT

JUN 18 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:15-CR-172 |
|  | 18 U.S.C. § 2251(a) and (e) |
|  | Conspiracy to Produce Child Pornography |
| v. | (Count 1) |
|  |  |
| STEPHEN R. FUNK, and | 18 U.S.C. § 2252(a)(2) and (b)(1) |
| KARLO HITOSIS, | Conspiracy to Distribute and Receive Child Pornography |
|  | (Count 2) |
| Defendants |  |
|  | 18 U.S.C. § 2252(a)(4)(B) and (b)(2) |
|  | Conspiracy to Possess and Access with Intent to View Child Pornography |
|  | (Count 3) |
|  |  |
|  | 18 U.S.C. § 2253 |
|  | Criminal Forfeiture |

INDICTMENT

June 2015 Term -- at Alexandria, Virginia

COUNT ONE

(Conspiracy to Produce Child Pornography)

THE GRAND JURY CHARGES THAT:

1. From in or about January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants STEPHEN R. FUNK and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly employ, use, persuade, induce, entice, and coerce any minor to engage in any sexually explicit

1

conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, and the defendants knew, or had reason to know, that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and that such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

## Object of the Conspiracy

2. The object of the conspiracy was to employ, use, persuade, induce, entice, and coerce minors to engage in sexually explicit conduct for the purpose of transmitting live visual depictions of such conduct, producing videos of such conduct, and receiving, distributing, possessing, and accessing with intent to view visual depictions of such conduct. Specifically, the object of the conspiracy was to lure children to two websites that were controlled and monitored by members of the conspiracy and trick the children into engaging in sexually explicit conduct on web camera to view and record the children.

## Manner and Means of the Conspiracy

3. During in or about 2013 and 2014, Anthony Ronald Evans, working with others known and unknown to the grand jury, created and maintained two websites, WEBSITE A and WEBSITE B. Both websites had a public portion that allowed individuals to communicate through text chats and web cameras. Both websites also had a restricted portion that allowed members of the websites to communicate in a private chat room. Evans and others known and unknown to the grand jury determined who was allowed to be a member of the websites.

Members of the websites used a username and password to access restricted portions of the websites.

4.     During 2013 and 2014, defendant STEPHEN R. FUNK was a member of WEBSITE A and WEBSITE B with access to restricted portions of the websites and defendant KARLO HITOSIS was a member of WEBSITE A with access to the restricted portions of the website.

5.     Members of the websites lured children from other public social media websites to WEBSITE A and WEBSITE B in order to engage the targeted child in online chats. Members of the websites referred to this as "linking."

6.     Upon entering WEBSITE A or WEBSITE B, a targeted child was linked into a private room to chat with members through text and web camera. During these chats, members requested that the minor engage in sexually explicit conduct on web camera, and in order to persuade, induce, entice, and coerce the minor to do so, played a pre-recorded video of another minor doing the same or similar activity, making it appear as though the member was also a minor engaging in sexually explicit conduct. Members referred to the pre-recorded videos of minors that they used to coax a targeted child as "loops." Members viewed in real-time and downloaded recordings of the live web camera footage of the targeted children engaging in sexually explicit conduct that were transmitted and produced on WEBSITE A or WEBSITE B.

7.     To accomplish their goals, members of the websites communicated with each other online and shared details on playing "loops," "linking," and tricking children into engaging in sexually explicit conduct on web camera, which they referred to as a "win." They also tracked members' levels of activity, such as their "linking," "looping," and chatting.

(In violation of Title 18, United States Code, Sections 2251(a) & (e).)

## COUNT TWO

(Conspiracy to Distribute and Receive Child Pornography)

THE GRAND JURY CHARGES THAT:

8. The factual allegations contained in Paragraphs 2 through 7 are realleged and incorporated by reference here.

9. From in or January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants STEPHEN R. FUNK and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly receive and distribute any visual depiction using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials that had been so mailed, shipped and transported, by any means including by computer, and knowingly reproduced any visual depiction for distribution using any means and facility of interstate and foreign commerce, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct and the defendants knew that the depiction involved a minor engaged in sexually explicit conduct.

(In violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).)

## COUNT THREE

(Conspiracy to Possess and Access with Intent to View Child Pornography)

THE GRAND JURY CHARGES THAT:

10. The factual allegations contained in Paragraphs 2 through 7 are realleged and incorporated by reference here.

11. From in or about January 2013 to in or about November 2014, within the Eastern District of Virginia and elsewhere, the defendants STEPHEN R. FUNK and KARLO HITOSIS, together with other members of WEBSITE A and WEBSITE B known and unknown to the grand jury, knowingly and willfully conspired and agreed with each other and others to knowingly possess and access with intent to view one or more books, magazines, periodicals, films, video tapes, and other matter, which contain any visual depiction that has been mailed and has been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and which was produced using materials which have been mailed and so shipped and transported by any means including by computer, and the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, and the defendants knew that the depiction involved a minor engaged in sexually explicit conduct.

(In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).)

## **CRIMINAL FORFEITURE**

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendants STEPHEN R. FUNK and KARLO HITOSIS are hereby notified:

A.   Upon conviction of one or more of the violations alleged in Counts One and Two of this Indictment, the Defendant shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction of sexually explicit conduct described in Title 18, United States Code, Sections 2251 or 2252, produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

2. Any property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 *et seq.*;

3. Any property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property.

B. The property subject to forfeiture includes, but is not limited to, the following items seized from the defendants:

1. The digital media devices seized from Stephen R. Funk on May 27, 2015.

2. The digital media devices seized from Karlo Hitosis on June 9, 2015.

C. If property subject to forfeiture is not available, the government may seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 2253 and Title 21, United States Code, Section 853(p).)

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Tracy Doherty-McCormick
Assistant United States Attorney
Lauren Britsch
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

Ravi Sinha, Trial Attorney
United States Department of Justice
    Child Exploitation and Obscenity Section